378 P.2d 889

**Harry G. HEATHMAN, Plaintiff and Appellant,**

v.

**UNITED AUTO RECOVERY BUREAU, INC., a Utah corporation, et al., Defendants and Respondents.**

**No. 9688.**

Supreme Court of Utah.

Feb. 27, 1963.

1.  Utah, 378 P.2d 888.

Harry G. Heathman pro se.

Lee W. Hobbs, Sumner J. Hatch, Salt Lake City, for respondents.

PER CURIAM.

Appeal from 1) an order dismissing plaintiff's complaint against defendant Ralph Watson, 2) an order dismissing with prejudice his complaint against defendants, United Auto Recovery Bureau, Inc., J. S. Christensen and Calvin B. Higgs, and 3) a

no-cause-of-action judgment in favor of the defendant, Citizens State Bank of Cortez. Affirmed, with no costs awarded.

As to 1): Plaintiff made no point on appeal as to defendant Watson. Nonetheless, the record is clear that the dismissal as to him was not in error.

As to 2): A motion to dismiss as to these defendants based on misjoinder of actions, and vagueness, was heard and argued on March 20, 1962. The motion was granted, and on March 21, 1962, the case was dismissed. In the dismissal order plaintiff was given until April 9, 1962, to amend. He filed no amendment or other pleading on or before that date, and the trial court, on April 13, 1962, dismissed the case against the defendants mentioned, with prejudice. Plaintiff contends that the court 1) lacked jurisdiction or 2) erred in ordering such dismissal. We can visualize no merit in such contention, and no rule or authority is presented to us in support thereof.

As to 3): At a hearing on motion for summary judgment in favor of the defendant bank it was evident that an effective settlement of all claims between plaintiff and the bank theretofore had been resolved by full, mutual executed release. A claim of fraud because of lack of knowledge as to the existence of certain bank personnel, until after the release was signed, rightly was concluded by the trial court not to be germane to this litigation.